## IN THE UNITED STATES DISTRICT COURT
## FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| **TRACEY D. CIMORELLI,** | : | **CIVIL ACTION NO. 4:16-CV-710** |
| **Individually and d/b/a Tracey** | : | |
| **Cimorelli's Day Care,** | : | **(Chief Judge Conner)** |
| | : | |
| **Plaintiff** | : | |
| | : | |
| **v.** | : | |
| | : | |
| **TIOGA COUNTY, PENNSYLVANIA** | : | |
| **AND TIOGA COUNTY** | : | |
| **DEPARTMENT OF HUMAN** | : | |
| **SERVICES,** | : | |
| | : | |
| **Defendants** | : | |

### MEMORANDUM

Plaintiff Tracey D. Cimorelli, individually and doing business as Tracey

Cimorelli's Day Care ("Cimorelli"), alleges that defendants Tioga County,

Pennsylvania and Tioga County Department of Human Services violated her

Fourteenth Amendment right to substantive due process by wrongfully filing a

child abuse report against her, causing the revocation of her child care license.  (See

Doc. 16).  Presently before the court is defendants' motion (Doc. 17) to dismiss

Cimorelli's complaint for failure to state a claim pursuant to Federal Rule of Civil

Procedure 12(b)(6).  Fed. R. Civ. P. 12(b)(6).  For the reasons that follow, the court

will deny the motion.

### I.    Factual Background & Procedural History

Cimorelli resides and does business in Tioga County, Pennsylvania.  (Doc. 16

¶¶ 6-7).  Tioga County Department of Human Services is a Tioga County

governmental entity that, *inter alia*, investigates child abuse allegations. (Id. ¶¶ 10, 23-30). The court will refer to defendants collectively as "Tioga County."

On December 5, 2014, Cimorelli had an infant child, M.Y., in her custody at her day care facility. (Id. ¶ 11). Cimorelli informed M.Y.'s parents that the child refused food and was distressed while at the facility. (Id. ¶ 13). M.Y.'s parents took the child to the emergency room and two medical specialists. (Id. ¶¶ 14-17). The first specialist diagnosed the child with bilateral tibia fractures. (Id. ¶ 16). The second specialist, Dr. Sara Marks ("Marks"), stated that the injuries were suspicious, indicating that they were likely the result of abuse. (Id. ¶¶ 17-18). Marks theorized that the injuries could have occurred at any time between December 4 and December 6, 2014. (Id. ¶¶ 19-20). Cimorelli only provided care for M.Y. on December 5, 2014 and did not have contact with the child on December 4, 2014 or after December 5, 2014. (Id. ¶¶ 11-12). M.Y. was in the care of at least seven other individuals during the time period that Marks identified. (Id. ¶ 22).

Tioga County received an anonymous tip that an individual at Cimorelli's day care facility had perpetrated child abuse. (Id. ¶¶ 23-24). Tioga County investigated Cimorelli either based on said tip or in the course of investigating M.Y.'s case. (Id. ¶¶ 25-28). On January 6, 2015, Cimorelli informed Tioga County representatives that another child had fallen on M.Y. on December 5, 2014, but that M.Y. had not appeared injured. (Id. ¶¶ 25, 27). Cimorelli alleges that Tioga County did not interview the other individuals who provided care to M.Y. during the time period that Marks identified. (Id. ¶ 29). Tioga County purportedly did not complete its investigation but nevertheless issued an Indicated Report of Physical Abuse against

2

Cimorelli on February 6, 2015.  (<u>Id.</u> ¶ 30).  After receiving the report from Tioga County, the Pennsylvania Office of Child Development and Early Learning ordered the removal of all children from Cimorelli's facility on February 10, 2015.  (<u>Id.</u> ¶¶ 31-32).  Cimorelli lost her license to operate the facility the same day.  (<u>Id.</u> ¶ 34).

Cimorelli appealed the Indicated Report of Physical Abuse to the Pennsylvania Department of Human Services Bureau of Hearings and Appeals. (<u>Id.</u> ¶ 35).  An administrative law judge heard Cimorelli's appeal on April 30, 2015 and recommended granting the appeal, opining only that, "the injuries to the subject child could have occurred during a time when [Cimorelli was] not responsible for the subject child." (<u>Id.</u> ¶¶ 36-39).  On August 10, 2015, the Bureau of Hearings and Appeals adopted the administrative law judge's recommendation that Tioga County's report be expunged.  (<u>Id.</u> ¶¶ 38-40).  Cimorelli consequently renewed her license and reopened her facility in September 2015.  (<u>Id.</u> ¶ 41).

Cimorelli commenced this action against Tioga County on April 28, 2016, (Doc. 1), subsequently filing an amended complaint (Doc. 16) on June 22, 2016. Therein, Cimorelli seeks damages for Tioga County's alleged violation of her Fourteenth Amendment right to substantive due process.  (<u>Id.</u> ¶¶ 44-70).  Tioga County filed the instant motion (Doc. 17) to dismiss on July 5, 2016.  The motion is fully briefed (Docs. 18-20) and ripe for disposition.

## II.   <u>Legal Standard</u>

Rule 12(b)(6) of the Federal Rules of Civil Procedure provides for the dismissal of complaints that fail to state a claim upon which relief may be granted. FED. R. CIV. P. 12(b)(6).  When ruling on a motion to dismiss under Rule 12(b)(6), the

court must "accept all factual allegations as true, construe the complaint in the light most favorable to the plaintiff, and determine whether, under any reasonable reading of the complaint, the plaintiff may be entitled to relief." Phillips v. Cty. of Allegheny, 515 F.3d 224, 233 (3d Cir. 2008).  In addition to reviewing the facts contained in the complaint, the court may also consider "matters of public record, orders, exhibits attached to the complaint and items appearing in the record of the case." Oshiver v. Levin, Fishbein, Sedran & Berman, 38 F.3d 1380, 1384 n.2 (3d Cir. 1994); Pension Ben. Guar. Corp. v. White Consol. Indus., Inc., 998 F.2d 1192, 1196 (3d Cir. 1993).

Federal notice and pleading rules require the complaint to provide "the defendant fair notice of what the . . . claim is and the grounds upon which it rests." Phillips, 515 F.3d at 232 (quoting Bell Atl. Corp. v. Twombly, 550 U.S. 544, 555 (2007)).  To test the sufficiency of the complaint, the court must conduct a three-step inquiry.  See Santiago v. Warminster Twp., 629 F.3d 121, 130-31 (3d Cir. 2010).  In the first step, "the court must 'tak[e] note of the elements a plaintiff must plead to state a claim.'"  Id. at 130 (quoting Ashcroft v. Iqbal, 556 U.S. 662, 675 (2009)).  Next, the factual and legal elements of a claim should be separated; well-pleaded facts must be accepted as true, while mere legal conclusions may be disregarded.  Id. at 131; see also Fowler v. UPMC Shadyside, 578 F.3d 203, 210-11 (3d Cir. 2009).  Once the court isolates the well-pleaded factual allegations, it must determine whether they are sufficient to show a "plausible claim for relief."  Iqbal, 556 U.S. at 679 (citing Twombly, 550 U.S. at 556); Twombly, 550 U.S. at 555.  A claim "has facial plausibility when the plaintiff pleads factual content that allows the court to draw

the reasonable inference that the defendant is liable for the misconduct alleged."

Iqbal, 556 U.S. at 678.

## III.   **Discussion**

Cimorelli contends that Tioga County deprived her of her child care license without due process. (See Doc. 16 ¶¶ 62-69; Doc. 19 at 3-4). Tioga County avers that Cimorelli has failed to plead the existence of a Tioga County policy or custom that is responsible for Cimorelli's loss of license. (See Doc. 17; Doc. 18 at 5).

Section 1983 of Title 42 of the United States Code provides a cause of action to redress violations of federal law committed by state officials. See 42 U.S.C. § 1983. Section 1983 is not a source of substantive rights, but merely a method for vindicating those rights otherwise protected by federal law. Gonzaga Univ. v. Doe, 536 U.S. 273, 284-85 (2002); Kneipp v. Tedder, 95 F.3d 1199, 1204 (3d Cir. 1996). To establish a claim under Section 1983, plaintiff must show a deprivation of a "right secured by the Constitution and the laws of the United States . . . by a person acting under color of state law." Kneipp, 95 F.3d at 1204 (quoting Mark v. Borough of Hatboro, 51 F.3d 1137, 1141 (3d Cir. 1995)). Under Pennsylvania law, Cimorelli had a legitimate property interest in her child care license, and Tioga County allegedly deprived her of that interest without due process in violation of the Constitution. See City of Phila., Bd. of License & Inspection Review v. 2600 Lewis, Inc., 661 A.2d 20, 22 (Pa. Commw. Ct. 1995) (citing Young J. Lee, Inc. v. Dep't of Revenue, Bureau of State Lotteries, 474 A.2d 266, 270 (Pa. 1983)); see also Lindsay v. City of Phila., 844 F. Supp. 229, 234 (E.D. Pa. 1994). Tioga County does not dispute that it acted under color of state law. (See Doc. 19 at 6; Doc. 20 at 4).

Municipalities and other local government entities may not be held liable in a Section 1983 suit for conduct of their employees under a theory of *respondeat superior* or vicarious liability.  Bd. of Cty. Comm'rs of Bryan Cty. v. Brown, 520 U.S. 397, 403 (1997) (citing Monell v. Dep't of Soc. Servs., 436 U.S. 658, 692 (1978)); see also Colburn v. Upper Darby Twp., 946 F.2d 1017, 1027 (3d Cir. 1991).  Municipal liability arises only when a government causes an employee to violate another's constitutional rights by an official custom or policy.  See Monell, 436 U.S. at 690-94; see also Montgomery v. De Simone, 159 F.3d 120, 126 (3d Cir. 1998).

To establish liability under Monell, a plaintiff must identify the challenged policy or custom, attribute it to the public entity itself, and show a causal link between the execution of the policy or custom and the injury suffered.  See Natale v. Camden Cty. Corr. Facility, 318 F.3d 575, 583-84 (3d Cir. 2003).  A policy exists "when a decisionmaker possess[ing] final authority to establish . . . [public] policy with respect to the action issues an official proclamation, policy or edict."  Id. at 584 (quoting Kneipp, 95 F.3d at 1212).  A custom is "an act 'that has not been formally approved by an appropriate decisionmaker,' but that is 'so widespread as to have the force of law.'"  Id. (quoting Bryan Cty., 520 U.S. at 404).  A plaintiff proceeding on an unofficial custom theory must allege facts tending to establish that "the [municipality] knew of a pattern of constitutional violations or that such consequences were so obvious the [municipality's] conduct can only be described as deliberate indifference."  Pelzer v. City of Phila., 656 F. Supp. 2d 517, 533 (E.D. Pa. 2009).

Cimorelli's averment that Tioga County engages in a "custom, policy, or practice whereby it arbitrarily issues Indicated Reports of Physical Abuse based solely on preliminary conjecture without a thorough investigation" is unsupported by the factual allegations in the amended complaint. (See Doc. 16 ¶ 59). Theories concerning a purported Tioga County "official" policy relieving child abuse investigators of their obligation to comply with legal requirements provide no foundation for the existence of such a formal edict. See Natale, 318 F.3d at 584; (Doc. 16 ¶¶ 53, 55-56). Cimorelli does not plausibly allege the existence of an official policy that caused her constitutional harm.

Cimorelli does plausibly allege that noncompliance with legal requirements in child abuse investigations is routine in Tioga County, amounting to an unofficial custom. (See Doc. 16 ¶¶ 51-52, 54, 59-61). She claims that Tioga County's actions were deliberately indifferent, and suggests that Tioga County knew or should have known of the purported noncompliance. See Pelzer, 656 F. Supp. 2d at 533; (Doc. 16 ¶¶ 51-58). Cimorelli avers that the purported noncompliance was pervasive.[1] See Natale, 318 F.3d at 584; (Doc. 16 ¶ 51-53). Cimorelli's assertions are minimally sufficient to support a plausible claim for relief. See Iqbal, 556 U.S. at 678. Accepting Cimorelli's factual allegations as true, the actions of Tioga County's investigators *sub judice* satisfy the limited standard to defeat a motion to dismiss.

---

[1] Cimorelli also posits that the existence of an unrelated action, Carson v. Tioga County, No. 4:13-cv-751, Doc. 1 (M.D. Pa. March 22, 2013), evinces that noncompliance with regulations is prevalent in Tioga County. (Doc. 16 ¶ 52; Doc. 19 at 6-7).

## IV.   **Conclusion**

The court will deny Tioga County's motion (Doc. 17) to dismiss.  An

appropriate order shall issue.


/S/ CHRISTOPHER C. CONNER
Christopher C. Conner, Chief Judge
United States District Court
Middle District of Pennsylvania


Dated:   February 10, 2017